# Quaker City Watch Company, Appellant, v. Lamoreaux.

*Bankruptcy—Discharge—Fraudulent debt—Judgment.*

A discharge in bankruptcy is good against an action of assumpsit on a debt previously contracted and not reduced to judgment, although the debt had been fraudulently contracted by the debtor, and was not by its terms due at the date of the discharge in bankruptcy.

Argued May 19, 1902.   Appeal, No. 88, April T., 1902, by plaintiff, from judgment of C. P. Venango Co., Nov. T., 1900, No. 46, on verdict for defendant in case of Quaker City Watch Company v. W. E. Lamoreaux.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit for goods sold and delivered.   Before CRISS-WELL, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defend, ant.

*J. H. Osmer*, with him *A. R. Osmer* and *N. F. Osmer*, for appellant.—The discharge was not a bar: In re Thomas, 1 Am. B. R. 515; In re Moreau Lieber, 3 Am. B. R. 217; In re Rhutassel, 2 Am. B. R. 697; In re Cole, 5 Am. B. R. 780; In re Lazarovic, 1 Am. B. R. 476; Frey v. Torrey, 6 Am. B. R. 448.

*Breene A. Wilbert*, for appellee, cited: In re Rhutassel, 2 Am. B. R. 697; Oliver v. Hughes, 8 Pa. 426.

OPINION BY ORLADY, J., December 13, 1902:

The defendant was granted a discharge in bankruptcy on February 21, 1900, as of March 3, 1899.   On October 24, 1900, this action of assumpsit was brought "on the assumption of the defendant, William E. Lamoreaux, to pay the plaintiff the sum of $595.55, with interest thereon from April 21, 1899, for certain articles of merchandise delivered between November 30, 1898, and December 20, 1898, which were alleged to have been

obtained by false and fraudulent representations. On the trial of the cause in the court below, the plaintiff offered in evidence a copy of the book account, filed, and rested. The defendant then offered in evidence a duly certified discharge of the defendant as a bankrupt in the district court of the United States for the western district of Pennsylvania. In rebuttal, the plaintiff offered to prove that he had parted with his property by reason of false and fraudulent representations, which evidence was excluded on objection for the reason that the claim had been contracted prior to the date fixed in the discharge in bankruptcy; this was conclusive against the plaintiff's claim and the court directed the jury to return a verdict for the defendant. The debts not affected by discharge in bankruptcy are enumerated in section 17, chapter 3, of the act of congress of July 1, 1898, wherein it is provided, subdivision 2: "Judgments in actions for fraud to obtain property by false pretenses, or false representations, or for wilful and malicious injury to the person or property of another," etc. The action in the court below was in assumpsit, and was founded upon the debtor's promise to pay, and not upon an alleged fraud, and this action was a waiver of the fraud, so that the bankrupt's discharge was a bar to a recovery. Further, the plaintiff's claim had not been reduced to judgment in an action for such alleged fraud prior to the appellee's discharge in bankruptcy : In re Rhutassel, 2 Am. B. Rep. 697 ; In re Moreau Lieber, 3 Am. B. Rep. 217. The fact that the debt was not due by the terms of the contract between the parties did not bar an action if the original transaction was founded upon the defendant's fraud. The plaintiff could have rescinded the contract and brought suit as soon as he discovered the defendant's fraud: 3 P. & L. Dig. of Dec. 4481. He elected to waive the fraud and at the maturity of his claim under the contract, he brought his action in assumpsit on the defendant's promise to pay.

The judgment is affirmed.